IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| EVELYN WILLIAMS | : | |
| | : | |
| Plaintiff, | : | |
| | : | CASE NO. 3:20-cv-02594-JGC |
| v. | : | |
| | : | |
| BARTON MALOW CO., et al. | : | JUDGE JAMES G. CARR |
| | : | |
| Defendants. | : | |

**DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S
MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT**

**I.      INTRODUCTION**

This lawsuit was filed on November 18, 2020 by Plaintiff Evelyn Williams ("Plaintiff") against her former employer, Barton Malow Company ("Barton Malow"), and Tom Garza ("Garza"), a Barton Malow management employee (Garza and Barton Malow are collectively, "Defendants").  Prior to filing the lawsuit, Plaintiff filed a charge of discrimination alleging the same claims against only Barton Malow.  (*See* Exhibit A hereto).

Following a Court ordered mediation, Plaintiff filed a Motion for Leave to File an Amended Complaint (the "Motion").  The Motion seeks leave to file an amended complaint that will add four individual defendants to the lawsuit and a spoliation claim against Garza.  The spoliation claim addresses discovery issues in this lawsuit, but Plaintiff never met and conferred on the issues prior to filing the Motion.  As to the proposed individual defendants, Plaintiff has never filed a charge of discrimination against any of them and the claims under Ohio and federal law are futile because Plaintiff's claims could not survive a Rule 12(b)(6) motion to dismiss.  *Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010).  Accordingly, the Motion should be denied in its entirety.

## II. PROCEDURAL HISTORY

On November 18, 2020, Plaintiff filed her Complaint against Defendants. (ECF No. 1). Prior to filing the Complaint, Plaintiff filed a charge of discrimination that names only Barton Malow. (Exhibit A).

The Complaint alleges that Plaintiff is an Ironworker formerly employed by Defendant. (ECF No. 1, ¶¶12 and 14). Plaintiff alleges that a union co-worker sexually harassed her. (ECF No. 1, ¶¶22-25). Plaintiff complained and she admits that Defendant investigated the issues. (ECF No. 1, ¶26). In fact, Plaintiff admits that Barton Malow discharged the union co-worker who allegedly subjected her to harassment. (ECF No. 1, ¶45).

Following the alleged harassment, Plaintiff alleges that another union co-worker farted near her face. (ECF No. 1, ¶48). The Complaint alleges that Plaintiff complained of this conduct and was laid off as a result of the complaint. (ECF No. 1, ¶¶58-61). Plaintiff alleges that she texted, phoned and left a voicemail message with Garza prior to her discharge. (ECF No. 1, ¶58). In discovery, Plaintiff produced the alleged text message to Garza that simply states: "Hey Tom, this evening would be fine to call." (Exhibit B to this Opposition). Plaintiff's production does not include any records demonstrating that she phoned Garza.

Following the mediation, Plaintiff filed the Motion seeking to add four new individual defendants to this lawsuit: (1) George Whritenour; (2) Robert Gadson; (3) Darryl Williams; and (4) Lohn Goble. Goble and Whritenour are also members of the Ironworkers as is Plaintiff. The Ironworkers Union is not a party to this lawsuit. The Motion does not explain how these four new individuals are relevant to Plaintiff's claims.

As to the text and phone call to Garza, Plaintiff never raised this discovery issue with Defendant before filing the Motion. As of the date of this filing, Plaintiff's counsel has never met

and conferred with Defendant's counsel on the alleged discovery issue. Consistent with the lack of pre-filing discussion, the Motion does not address Local rule 37.1 and there is no certification of counsel attached to the Motion. (Local Rule 37.1(a)(1)).

### III. ARGUMENT

#### A. Standard Of Review.

Under Federal Rule of Civil Procedure 15(a)(2), leave to amend a pleading shall be freely given "when justice so requires." Several factors influence whether the Court should allow a party to amend its pleading including "undue delay in filing, lack of notice to opposing party, bad faith by the moving party, undue prejudice to the opposing party, and futility of the amendment." *Seals v. Gen. Motors Corp.*, 546 F.3d 766, 770 (6th Cir. 2008) (citing *Wade v. Knoxville Utils. Bd.*, 259 F.3d 452, 459 (6th Cir. 2001)). However, a motion to amend may be denied if the amendment of the complaint would be futile. *Springs v. U.S. Dept. of Treasury*, 567 F. App'x. 438, 443 (6th Cir. 2014). "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010) (*citing Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000)).

#### B. The Motion Provides No Justification Or Reasoning For The New Claims And Parties.

Despite seeking to name four new individual defendants to this lawsuit and a claim of spoliation against Garza, the Motion wholly fails to provide any explanation or reasoning for the new claims and defendants. The Motion does not explain why discovery into the individual defendants' actions is not sufficient, but Plaintiff also needs to name two Ironworkers and two additional Barton Malow employees.

More importantly, the Motion alleges that "Garza willfully destroyed" evidence. (ECF No. 12-2, pg. 19). However, the Motion does not identify what text messages were allegedly destroyed

and whether Plaintiff retained the text messages that she sent and received from Garza. The Motion further does not provide any evidence regarding the substance of the phone message, the length of the alleged phone message, or even the phone number where the message was left. Put simply, the Motion should be denied because it is filed months after this case was initiated and Plaintiff's only argument in support of the Motion is that the Motion will not further delay this lawsuit.

However, if the Motion is granted, the four individual defendants will be added to this lawsuit and each will have the right to retain counsel, file counterclaims against Plaintiff, file motions to dismiss, and to conduct discovery into Plaintiff's claims. Needless to say, four new defendants will cause great delay to this lawsuit and will cause Defendants' motion for summary judgment to be delayed many months.

    **C.**    **Plaintiff's Motion to Amend Should be Denied Because The Claims Against The New Individual Defendants Are Futile.**

Claim One, a claim of retaliation under Title VII, against all defendants, including the individual defendants, fails as a matter of law with respect to the individual defendants. It is well-settled law in the Sixth Circuit that an individual employee/supervisor who does not otherwise qualify as an "employer" may not be held liable under Title VII. *See Wathen v. General Electric Co.*, 115 F.3d 400 (6th Cir. 1997) (no individual liability under Title VII); *see also Hunter v. Lipps*, 2007 U.S. Dist. LEXIS 49704,*5 (S.D. Ohio, July 10, 2007) (Therefore, unless the individual otherwise qualifies as an employer under the statutory definition, the individual may not be held personally liable under Title VII); *see also* "No person has a cause of action or claim based on an unlawful discriminatory practice relating to employment...against a supervisor, manager, or other employee of an employer unless that supervisor, manager, or other employee is the employer." R.C. 4112.08 (A).

Likewise, effective April 15, 2021, the Ohio General Assembly passed House Bill 352 ("H.B. 352"). The Ohio General Assembly expressly stated its intent to supersede the effect of the

Ohio Supreme Court's holding in Genaro regarding the definition of "employer" for purposes of Chapter 4112. In Genaro, the court held that for purposes of R.C. Chapter 4112, a supervisor/manager may be held jointly and/or severally liable with her/his employer for discriminatory conduct of the supervisor/manager in violation of R.C. Chapter 4112. *Genaro v. Cent. Transp.*, 84 Ohio St. 3d 293, 703 N.E.2d 782 (1999). The Ohio General Assembly clarified that "individual supervisors, managers, or employees may not be held liable under Chapter 4112 for unlawful discriminatory practices relating to employment [such as alleged sex discrimination]." Specifically, H.B. 352 provides, in relevant part:

> The General Assembly, in amending section 4112.01 and division (A) of section 4112.08 of the Revised Code pursuant to this act, hereby declares its intent to supersede the effect of the holding of the Ohio Supreme Court in *Genaro v. Central Transport, Inc.*, 84 Ohio St.3d 293 (1999) and to follow the holding in *Wathen v. General Electric Co.*, 115 F.3d 400 (1997) regarding the definition of "employer" for purposes of Chapter 4112. of the Revised Code. The General Assembly further declares its intent that individual supervisors, managers, or employees not be held liable under Chapter 4112. of the Revised Code for unlawful discriminatory practices relating to employment that are described in division (A)(24)(a) of section 4112.01 of the Revised Code, as amended by this act...

(Section 3, H.B. 352, emphasis added.)

Here, H.B. 352 took effect prior to Plaintiff filing the Motion. Thus, to the extent the Motion seeks to assert claims against the individual defendants under Title VII or R.C. 4112, such claims are futile and the Motion should be denied.

### D. Plaintiff's Motion to Amend Should be Denied Because Claims One, Three, Four, And Five Against The Individual Defendants Are Time-Barred.

Claim One, a claim of retaliation under Title VII, Claim Three, a claim of retaliation under O.R.C. §§ 4112.02(I) and 4112.99, Claim Four, a claim of sex discrimination under O.R.C. §§ 4112.02(A) and 4112.99, and Claim Five, a claim of aiding and abetting retaliation and discrimination under O.R.C. §§ 4112.02(J) and 4112.99 against the individual defendants fail as a

4829-0529-1508.1 5

matter of law. H.B. 352 requires an employee who claims to have suffered discrimination to exhaust her administrative remedies by timely filing a charge of discrimination with the Ohio Civil Rights Commission ("OCRC") prior to initiating a lawsuit in court.

Here, Plaintiff alleges that the individual defendants discriminated and retaliated against her by refusing to give her work assignments, by failing to take adequate remedial action in response to the alleged harassment during the stairwell incident, and by terminating her employment. (ECF No. 12, ¶¶ 105-107). Plaintiff filed a charge of discrimination and in that charge, Plaintiff named only Barton Malow, not the individual defendants. Plaintiff has not alleged that she filed a charge of discrimination against the individual defendants arising out of her termination (or on any other basis). Plaintiff has not attached a right to sue letter issued by the OCRC to the Complaint, the Motion or even alleged that she received one against the individual defendants. *See Gray v. United States Postal Serv.*, 2001 U.S. Dist. LEXIS 2589, *12 (N.D. Ohio February 22, 2001) (Plaintiff failed to exhaust her administrative remedies for her sexual harassment claim.); *See also Brown v. Abbott Laboratories*, 90 F. App'x 891, 892 (6th Cir. 2004) (dismissing Title VII claim due to the plaintiff's failure to exhaust administrative remedies); *Amini v. Oberlin College*, 259 F.3d 493, 498 (6th Cir. 2001) ("Plaintiffs must typically file a timely discrimination charge with the EEOC in order to bring a Title VII lawsuit."); *Lowe v. Hamilton County Job & Family Services*, No. 1:05cv117, 2009 U.S. Dist. LEXIS 26036, 2009 WL 818960, at *7 (S.D. Ohio Mar. 27, 2009) ("The failure to timely exhaust available administrative remedies is an appropriate basis for dismissal of a Title VII action.").

Furthermore, even if Plaintiff were to file a claim with the OCRC, the claims against the individual defendants would be time-barred. Charges of discrimination filed with the OCRC must be filed within two years of the alleged discriminatory practice. *See* O.R.C. §4112.051(C)(1)(b)(2).

Plaintiff charge of discrimination states that the alleged discrimination ceased on July 1, 2019. (*See* Exhibit A hereto). To comply with the statute of limitations, Plaintiff was required to file a charge of discrimination against the individual defendants by July 1, 2021, which she did not do. Accordingly, Counts One, Three, Four, and Five of the Motion against the individual defendants are time-barred and the Motion is futile because these claims could not survive a motion to dismiss.

    **E.**    **Plaintiff's Motion to Amend Should be Denied Because Defendant Garza Did Not Willfully or Deliberately Destroy Plaintiff's Messages.**

Claim Six, a claim of intentional tort – spoliation against Defendant Garza fails as a matter of law. The Ohio Supreme Court recently recognized that although "most states have declined to adopt a cause of action for intentional spoliation of evidence," Ohio does "recognize the independent tort of intentional spoliation of evidence." *Elliott-Thomas v. Smith*, 154 Ohio St. 3d 11, 2018-Ohio-1783 (2018). However, the tort requires willful physical destruction of evidence by defendant designed to disrupt the plaintiff's case, and the tort of intentional spoliation does not include claims alleging intentional interference with evidence or concealment of evidence. *Id.* Ohio law precludes claims for negligent spoliation. *Smith v. Howard Johnson Co.*, 615 N.E.2d 1037, 1038 (1993).

In order to bring an intentional spoliation claim, a party must establish "(1) pending or probable litigation involving the plaintiff, (2) knowledge on the part of defendant that litigation exists or is probable, (3) willful destruction of evidence by defendant designed to disrupt the plaintiff's case, (4) disruption of plaintiff's case, and (5) damages proximately caused by the defendant's acts." *Smith,* 2018-Ohio-1783, ¶ 10.

Here, as an initial matter, as to the text and phone call to Garza, Plaintiff never raised this discovery issue with Defendant before filing the Motion.  As of the date of this filing, Plaintiff's counsel has never met and conferred with Defendant's counsel on the alleged discovery issue.  Had Plaintiff met and conferred, Plaintiff would have confirmed that Defendant Garza did not willfully or

deliberately destroy the communications he had with Plaintiff, nor did he intentionally conceal or interfere with the evidence. In discovery, Plaintiff produced the alleged text message that simply states: "Hey Tom, this evening would be fine to call." (*See* Exhibit B to this Opposition). If there are other text messages at issue, Plaintiff is essentially arguing that she spoiled such evidence and should be sanctioned.

Furthermore, Plaintiff had a duty to preserve the communications (text messages and phone records) that she knew or reasonably should have known were relevant to her lawsuit. "A plaintiff is under a duty to preserve evidence that it knows or reasonably should know is relevant to the action." *C4 Polymers, Inc. v. Huntington Natl. Bank*, 41 N.E.3d 788, 803 (Ohio 2015). Plaintiff's production does not include any records demonstrating that she phoned Garza, left a message for Garza, or the substance of the message.

Assuming, *arguendo*, that Plaintiff can satisfy her prima facie case for spoliation against Garza – which she cannot do –the Rules of Civil Procedure provide trial courts with broad discretion to address concealment of or interference with evidence that occurs during the course of discovery. *See* Civ. R. 37; *see also Toney v. Berkemer,* 6 Ohio St.3d 455, 453 N.E.2d 700 (1983) (Civil Rule 37 provides trial courts with broad discretion to impose sanctions upon a party who violates the rules governing the discovery process. So, there are other adequate remedies to deter and punish interference with and concealment of evidence by parties and counsel.). The provisions of Civ. R. 37 are critical to the fair administration of justice because they afford trial courts the discretion necessary to address in a timely and appropriate manner any failure to abide by the discovery rules. Thus, Plaintiff's spoliation claim against Garza is futile and the Motion should be denied because the claim cannot survive a motion to dismiss.

## IV. CONCLUSION

Based on the above-cited arguments and authorities, Defendants respectfully request that Plaintiff's Motion to Amend be denied in its entirety.

Respectfully submitted,

*/s/ David A. Campbell*
David A. Campbell (0066494)
Andrea V. Arnold (0099455)
Lewis Brisbois Bisgaard & Smith, LLP
1375 E. 9th Street, Suite 2250
Cleveland, OH 44114
Phone: (216) 298-1262
Fax: (216) 344-9421
david.a.campbell@lewisbrisbois.com
andrea.arnold@lewisbrisbois.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of September, 2021, a true and correct copy of the foregoing has been electronically filed using the CM/ECF System, and that notice of this filing will be sent to all of parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ David A. Campbell*
David A. Campbell (0066494)

LEWIS BRISBOIS BISGAARD & SMITH LLP