**IN THE UNITED STATES DISTRICT COURT
FOR THE NORHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| **EVELYN WILLIAMS,**<br><br>         *Plaintiff,*<br>   vs.<br><br>**BARTON MALOW CO.,** *ET AL.*<br><br>         *Defendants.* | Case No. 3:20-cv-2594<br><br>Judge James G. Carr |
| **PLAINTIFF EVELYN WILLIAMS'S REPLY IN SUPPORT OF HER<br>MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT** ||

Plaintiff Evelyn Williams respectfully submits this reply in support of her motion for leave to file an amended complaint.[1] As explained below, Defendants' opposition to that motion departs from the relevant legal standards that should guide this Court's analysis. Their arguments also draw heavily on a recently enacted law, Ohio House Bill 352, without establishing how that law could retroactively apply to claims that accrued before that law took effect.

**I.       Facts and Procedural Background**

Defendants' recounting of the procedural history relevant to this motion—particularly as it relates to their arguments—is deficient in two key respects. First, Defendants ignore important details about Ms. Williams's administrative charge. The charge itself shows that it was dual-filed with the Equal Employment Opportunity Commission (EEOC) *and* the Ohio Civil Rights Commission (OCRC). The OCRC is listed in the charge's caption.[2] The lower left-side of the charge includes a statement confirming Williams's desire for the charge to be filed both with the EEOC and the

---

[1] ECF #12.
[2] Williams's EEOC Charge (Aug. 6, 2019), **Exhibit 1**.

OCRC. And Williams notarized the charge form to satisfy an OCRC procedural requirement for filing the charge.

The EEOC charge[3]—which Williams filed pro se—generally describes the events that form the basis of the claims in her complaint (and proposed amended complaint): she faced disparate treatment and retaliation after she reported workplace sexual harassment, and she was terminated as she escalated her reports. After securing counsel, Williams submitted supplemental information to the EEOC outlining in more detail the facts underlying her charge—and her lawsuit.[4] Barton Malow, which employed the individual defendants, responded to Williams's claims in its position statement.[5] The statement mentioned none of the added individual defendants—George Whritenour, Robert Gadson, Darryl Williams, and Lohn Goble—by their name. Nor did it explain their respective roles and actions related to Williams's employment.

The second issue with Defendants' procedural history is its inaccurate claim that Williams failed to explain the relevance of the four new individual defendants to her claims. The proposed amended complaint accompanying Williams's motion for leave includes allegations against the individual defendants that form the basis for the respective claims against them.[6] Many of these allegations are informed by information that was not available to Williams until written discovery in this case.

It remains true that the parties have conducted only a single round of written discovery, which occurred before the July 7, 2021 settlement conference. Neither party has scheduled or given notice of a deposition. And no discovery cut-off or dispositive-motion deadline has been set.

---

[3] For ease of reference, this brief refers to the dual-filed charge as the "EEOC charge" because the EEOC primarily handled the charge.
[4] Williams's Supplement to EEOC Charge (Nov. 27, 2019), **Exhibit 2**.
[5] Barton Malow EEOC Position Statement (Dec. 20, 2019), **Exhibit 3**.
[6] Williams's Proposed Am. Compl. (redline copy), ECF #12-2.

II.     Law and Argument

    A.     **Ms. Williams withdraws her motion for leave to amend Claim 1 in the proposed amended complaint to the extent it seeks to plead Title VII claims against individual defendants.**

As an initial matter, Williams withdraws her motion to amend her retaliation claim under Title VII (Claim 1) to the extent it seeks to plead that claim against the individual defendants. Should the Court grant Williams leave to amend her complaint, she shall confine her Title VII claims to be against Defendant Barton Malow Company—as has already been done for the sex-discrimination claim under Title VII (Claim 2).

    B.     **Under Fed. R. Civ. P. 15(a), leave to amend shall be freely given unless there is a specific reason not to do so.**

Defendants' argument that Williams has provided no justification for her amended claims isn't grounded in law or fact. Williams's proposed amended complaint, filed with her motion, sets forth factual allegations against each individual defendant. Although Defendants argue that the proposed claims against the new individual defendants are futile for procedural reasons (*e.g.* statute of limitations, failure to exhaust), Defendants do not contend that the claims are futile because the factual allegations in the amended complaint are somehow lacking.

More importantly, Williams bears no burden to justify the amending of her complaint. Under Fed. R. Civ. 15(a)(2), leave to amend shall be freely given unless there is a specific reason not to do so—such as undue delay, bad faith, repeated failure to cure pleading deficiencies, undue prejudice, or futility of the amendment.[7] Defendants cite no authority to support their implication that Williams must affirmatively demonstrate an entitlement to amend her complaint. Instead, Rule 15(a)(2) puts the onus on the party opposing leave to amend to show why leave should not be

---

[7] *Foman v. Davis*, 371 U.S. 178, 182 (1962).

granted. In opposing Williams's motion for leave, Defendants argue that Williams's proposed amended claims are futile. Those futility arguments are addressed in detail below.

**C.     The claims in Ms. Williams's proposed amended complaint are futile only if—when accepting all the allegations as true and drawing all reasonable inferences in her favor—they fail to support a plausible claim for relief.**

Defendants argue that Williams should not be permitted to amend her complaint because her proposed amendments are futile—meaning that her amended claims would not withstand a Fed. R. Civ. P. 12(b)(6) motion to dismiss. In analyzing whether the proposed amendments are futile, the Court must "accept [the amended complaint's] factual allegations as true, draw all reasonable inferences in the plaintiff's favor, and only then determine whether those facts and inferences plausibly give rise to an entitlement to relief."[8] The amended complaint need not allege specific facts "beyond those necessary to [her] claim and the grounds showing entitlement to relief."[9] "If it is at all plausible (beyond a wing and a prayer) that a plaintiff would succeed if [she] proved everything in [her] complaint, the case proceeds."[10]

**D.     Ms. Williams's proposed amended complaint pleads plausible claims against the individual defendants under Ohio Rev. Code Chapter 4112.**

In opposing Williams's motion for leave to amend, Defendants rely heavily on the revised provisions in Ohio Rev. Code Chapter 4112, recently amended by Ohio House Bill 352. Although H.B. 352 changed some aspects of Ohio's anti-discrimination statute, it did not change the fact that individual defendants can continue to be found liable discrimination under Ohio Rev. Code 4112 on claims of retaliation and aiding-and-abetting discrimination:

---

[8] *Marvaso v. Sanchez*, 971 F.3d 599, 605 (6th Cir. 2020) (citing *Doe v. Baum*, 903 F.3d 575, 581 (6th Cir. 2018)).
[9] *Bell Atl. Comp v. Twombly*, 550 U.S. 544, 570 (2007).
[10] *Doe v. Baum*, 903 F.3d at 581 (6th Cir. 2018).

|  | **Before H.B. 352** | **After H.B. 352**[11] |
|---|---|---|
| Statute of limitations for civil action | 6 years[12] | 2 years + tolling period |
| Exhaustion of administrative remedies required? | No | Yes |
| Deadline for filing charge with the OCRC | 6 months | 2 years |
| Individual liability for **discrimination** claims? | Yes | No |
| Individual liability for **retaliation** claims? | Yes | Yes[13] |
| Individual liability for **aiding-and-abetting** claims? | Yes | Yes[14] |

**1.  Individual defendants are liable under Ohio Rev. Code Chapter 4112 for their unlawful discriminatory actions taken before H.B. 352's effective date because H.B. 352 does not—and cannot—apply retroactively.**

Defendants argue that changes to Ohio law from H.B. 352 render futile Ms. Williams's proposed amended claims under Ohio Rev. Code Chapter 4112.[15] Those arguments, however, ignore important nuances to H.B. 352 and how it applies to Ms. Williams's claims. An overarching flaw to Defendants' arguments is their assumption that the changes from H.B. 352—which took effect April 15, 2021—retroactively apply to Ms. Williams's claims under Ohio Rev. Code 4112. Those claims arose in June and July 2019, with Williams filing her EEOC charge a month later on August 6, 2019.

---

[11] *See* Ohio Legislative Service Commission, *H.B. 352 Final Analysis* (Jan. 21, 2021).

[12] *See Cosgrove v. Williamsburg of Cincinnati Mgt. Co., Inc.*, 70 Ohio St.3d 281, 282, 638 N.E. 991 (1994).

[13] *See* Ohio Rev. Code § 4112.02(I) (extending liability to "any person" who violates the section).

[14] *See* Ohio Rev. Code § 4112.02(J) (extending liability to "any person" who violates the section).

[15] Before H.B. 352 took effect, discrimination and retaliation claims were properly pleaded under Ohio Rev. Code §§ 4112.02 and 4112.99. Since H.B. 352 became effective, those civil actions are now provided for under Ohio Rev. Code § 4112.052.

Despite Williams raising this retroactivity issue in her motion for leave, Defendants point to no authority supporting that H.B. 352's changes apply to claims that accrued before the law went into effect. Nothing in H.B. 352's language makes the law retroactive in effect. Under Ohio law, statutes are presumed to be prospective in operation unless made retrospective.[16] As this Court recently explained in *Whitman v. International Paper Co.*, the changes from H.B. 352 are immaterial to claims that *accrued* before it went into effect.[17]

Besides the absence of statutory language giving H.B. 352 retroactive effect, the Ohio Constitution prohibits laws affecting substantive rights from ever applying retroactively. H.B. 352's elimination of individual liability on discrimination claims affects substantive rights because it repeals the right to sue individual defendants for unlawful discriminatory practices.[18] As such, it cannot be applied retroactively without violating the Ohio Constitution's Retroactivity Clause.[19]

Here, because the claims in Ms. Williams's proposed amended complaint accrued before April 15, 2021, the earlier version of Ohio Rev. Code Chapter 4112 must be applied. As Defendants acknowledge, before H.B. 352, the Ohio Supreme Court had held that individuals may be liable for unlawful discriminatory practices under Ohio Rev. Code 4112. So Williams may pursue her discrimination claims against the individual defendants under Ohio Rev. Code 4112.

---

[16] Ohio Rev. Code § 1.48.

[17] *See* No. 5:20-cv-02781, 2021 WL 2581566, *3 n.1 (N.D. Ohio June 23, 2021) (explaining that changes from H.B 352 were immaterial because they became effective only after the adverse employment action that formed the basis of the plaintiff's Ohio Rev. Code 4112 claim).

[18] *See Kneisley v. Lattimer-Stevens Co.*, 40 Ohio St.3d 354, 356 (1988) (citing *Van Fossen v. Babcock & Wilcox Co.*, 26 Ohio St.3d 100, 522 N.E.2d 489 (1988) (stating that laws that take away vested rights and the right to sue are substantive in nature).

[19] *See id.* (applying Ohio Const. art. II, § 28).

> 2. **The amended claims under Ohio Rev. Code Chapter 4112 are not time-barred because Ms. Williams—at a minimum—is entitled to file her claims within a reasonable time after H.B. 352's effective date.**

Given that H.B. 352 does not apply retroactively, the Ohio Rev. Code 4112 claims are not time-barred. Before H.B. 352, discrimination and retaliation claims under Ohio Rev. Code 4112 were subject to a six-year statute of limitations.[20] That means the statute of limitations for Williams's Ohio Rev. Code 4112 claims does not pass until 2025.

Even if H.B. 352's changes were to generally apply to Williams's Ohio Rev. Code 4112 claims, the statute of limitations associated with those claims cannot be shortened in the way that Defendants suggest. When an Ohio law shortens the statute of limitations for filing a claim, claimants must be provided a reasonable amount of time ***from the effective date of that law*** to enforce their rights.[21] The Ohio Supreme Court has interpreted such a reasonable time to be the period of the new statute of limitations—starting from the date that the revised statute of limitations took effect.[22] Applied to H.B. 352, which shortened the statute of limitations from six years to two years, claimants at a minimum shall have two years from April 15, 2021 to timely file claims under Ohio Rev. Code 4112. Thus, under Ohio law, the statute of limitations for Ms. Williams's Ohio Rev. Code 4112 claim cannot expire any earlier than April 15, 2023.

---

[20] *See Cosgrove*, 70 Ohio St.3d at 282.

[21] *Groch v. Gen. Motors Corp.*, 117 Ohio St.3d 193, 2008-Ohio-546, 883 N.E.2d 337, ¶¶ 196–199; *Adams v. Sherk*, 4 Ohio St.3d 37, 39 (1983) ("The latter application of an amended statute is not unlawful as long as the claimant is still afforded a reasonable time in which to enforce his right. The concept of reasonableness must accord a reasonable time after the effective date of the amendment.").

[22] *See, e.g., Grouch*, 2008-Ohio-546, ¶ 198; *see Adams*, 4 Ohio St.3d at 39 (reviewing with approval cases that applied an amended statute of limitations starting from the date it took effect).

> **3.** **Even if Ms. Williams were required to exhaust administrative remedies, she satisfied that requirement by pursuing her charge through the EEOC.**

Because H.B. 352 does not apply retroactively, it was also unnecessary for Williams to exhaust administrative remedies before pursing her Ohio Rev. Code 4112 claims against the individual defendants. Before H.B. 352, Ohio Rev. Code Chapter 4112 contained no requirement that plaintiffs first exhaust administrative remedies before filing a civil action. (The addition of an administrative-exhaustion requirement in H.B. 352 also affects substantive rights,[23] so the Ohio Constitution further prevents that requirement from applying retroactively.[24])

Even if H.B. 352's administrative-exhaustion requirement somehow applied, it would have been satisfied by Williams pursuing her charge through the EEOC. By filing her charge with the EEOC, Williams also dual-filed the charge with the OCRC.[25] Defendants' arguments neglect to mention that the administrative-exhaustion requirement established by H.B. 352 may be satisfied by dual-filing a discrimination charge with the EEOC and receiving an EEOC right-to-sue letter, as Williams did.[26]

Defendants contend that Williams's EEOC charge is deficient for exhaustion purposes because it did not specifically identify the individual defendants by name—although they point to no authority to support that proposition. Their position is flawed for two reasons. First, the exhaustion requirement established by H.B. 352 requires only that a claimant file a charge "with respect to the

---

[23] *Kneisley*, 40 Ohio St.3d 354 at 356 (explaining that laws that impose new or additional burdens or obligations as to a past transaction affect substantive rights).

[24] *Groch*, 2008-Ohio-546, ¶ 186.

[25] *See Theodore v. Bridgestone Americas, LLC*, No. 5:15-CV-00698, 2015 WL 4664212, *2–4 (N.D. Ohio Aug. 6, 2015); s*ee also* Williams's EEOC Charge, Ex. 1 (listing Ohio Civil Rights Commission in the charge's caption and including statement that Williams "want[s] this charge filed with both the EEOC and the State or local Agency").

[26] Ohio Rev. Code § 4112.052(B)(2)(b); *see* EEOC Notice of Right to Sue (Aug. 8, 2020), **Exhibit 4.**

practice complained of in the complaint for the civil action."[27] Nothing in the statute's language constrains the civil action to those listed as parties in the preceding administrative charge. Instead, according to the statute, what matters is that the civil action relates to the discriminatory ***practice*** identified in the administrative charge.

Second, it is unreasonable to broadly expect employees to identify every potential individual defendant when filing an administrative charge (*i.e.*, the very outset of an investigation). Employees often operate at an informational disadvantage because they are not privy to all the information employers possess regarding their employment decisions. Many employees also file administrative charges without assistance of counsel, as Williams did. For these reasons, federal courts interpreting Title VII's administrative-exhaustion requirement have advised it is not to be applied rigidly.[28] Rather, EEOC charges have been "liberally construed to encompass all claims 'reasonably expected to grow out of the charge of discrimination.'"[29] This same standard should apply to Ohio Rev. Code 4112's new exhaustion requirement.[30]

Here, Williams identified her employer, Barton Malow Company, as the respondent in her initial charge and described the discrimination and retaliation she experienced. After she secured counsel, Williams provided additional information to the EEOC in a supplement that provided a more detailed description of the events leading up to her termination—the same events that form the basis of the claims in her proposed amended complaint.[31] Based on the information Williams

---

[27] Ohio Rev. Code § 4112.052(B)(2)(b)(i)–(ii).
[28] *Randolph v. Ohio Dep't of Youth Servs.*, 453 F.3d 724, 732 (6th Cir. 2006); *Lowe v. Hamilton Cty. Job & Family Servs.*, No. 1:05-cv-117, 2009 WL 818960, *7 (S.D. Ohio Mar. 27, 2009).
[29] *Randolph*, 453 F.3d at 732 (quoting *Haithcock v. Frank*, 958 F.2d 671, 675 (6th Cir. 1992); *Dixon v. Ashcroft*, 392 F.3d 212, 217–18 (6th Cir. 2004).
[30] Requiring employees to identify every potential individual defendant when filing an administrative charge would also incentive employees to list as respondents every manager, supervisor, or coworker who possibly could have been involved in the actions against them.
[31] Williams's Supplement to EEOC Charge, Ex. 2.

provided the EEOC, it would have been reasonable for the investigation to extend to the actions taken by the individual defendants—all of whom worked for Barton Malow at the HBI-plant project in Toledo.

### E. Plaintiff Williams's proposed amended complaint sufficiently pleads a plausible spoliation claim against Defendant Garza.

Although this motion must be decided on a Fed. R. Civ. P. 12(b)(6) standard, Defendants do not argue that Williams's spoliation claim against Defendant Garza is improperly pleaded or that the claim itself fails as a matter of law. Defendants instead ask the Court to conclusively accept as fact the untested, self-serving representation that "Garza did not willfully or deliberately destroy the communications he had with Plaintiff, nor did he intentionally conceal or interfere with evidence."[32] This assertion improperly departs from the requirement that the plaintiff's factual allegations be accepted as true, with all reasonable inferences in the plaintiff's favor.[33] Not only does Defendants' argument ask the Court to prematurely weigh the evidence, it does so without any evidentiary support for its factual proposition—resting merely on a statement of counsel.

At this stage, Williams only needs to plead a plausible claim for relief, and she has done so. In the proposed amended complaint, Williams alleges that—days before her termination—she sent Garza text and voice messages to Garza to report further harassment and disparate treatment at work. She further alleges that Garza knew that litigation involving Williams was probable, and that he willfully destroyed those messages from Williams.[34]

These allegations stem from Defendant Garza's admissions that he received a text message and a voicemail from Williams,[35] along with the fact that he did not produce those messages in

---

[32] Defs.' Opp. to Motion to Amend, at 7–8.
[33] *Marvaso*, 971 F.3d at 605.
[34] *See* Pl.'s Proposed Am. Compl., ECF #12-1, at ¶¶ 129–133.
[35] Def. Garza Resp. to Pl. Williams's First Set of RFAs, Nos. 24–25 (May 5, 2021), **Exhibit 5**.

response to Williams's request for production. Defendant Garza's discovery responses indicate that he at one time had the messages but he is unable to produce them in this litigation. (Defendants' explanation that Garza "did not *willfully or deliberately* destroy the communications"[36] appears to tacitly acknowledge that Garza did indeed destroy the messages.)

Framing this issue as a discovery dispute subject to Rule 37, as Defendants do, is inapt. The issue does not concern the sufficiency of Garza's responses to Williams's written discovery requests. Instead of a failure to produce information in discovery (as would likely create a discovery dispute), Defendant Garza's discovery responses provide information that raises a plausible claim of spoliation.

Defendants' attempt to redirect the focus to Williams's discovery responses is a red herring. Defendants offer no explanation for how her responses might defeat the spoliation claim against Garza as a matter of law. Their deflection also loses its punch given that the (presumably deleted) voicemail message—a vital piece of evidence—would have been accessible only to Defendant Garza as the recipient of the voicemail.

## III. Conclusion

Granting Plaintiff Evelyn Williams leave to amend her complaint follows Fed. R. Civ. P. 15(a)'s objective of enabling parties "to assert matters that were overlooked or were unknown at the time of the original complaint."[37] In light of information acquired through discovery, Williams is now in position to sufficiently allege facts to support plausible civil claims against the individual defendants whom she seeks to add to this case through her proposed amended complaint. Plaintiff Williams should be permitted to pursue these claims so that they can be decided upon their merits.

---

[36] Defs.' Opp. to Motion to Amend, at 7–8 (emphasis added).
[37] *Iron Workers Local No. 25 Pension Fund v. Klassic Services, Inc.,* 913 F. Supp. 541, 543 (E.D. Mich. 1996).

Date: September 15, 2021                              Respectfully submitted,

*/s/ Patrick Haney*
Subodh Chandra (0069233)
Patrick Haney (0092333)
THE CHANDRA LAW FIRM LLC
The Chandra Law Building
1265 W. 6th St., Suite 400
Cleveland, Ohio 44113
216.578.1700 Phone
216.578.1800 Fax
Subodh.Chandra@ChandraLaw.com
Patrick.Haney@ChandraLaw.com

*Attorneys for Plaintiff Evelyn Williams*