IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| EVELYN WILLIAMS | : | |
| | : | |
|   Plaintiff, | : | |
| | : | CASE NO. 3:20-cv-02594-JGC |
| v. | : | |
| | : | |
| BARTON MALOW CO., et al. | : | JUDGE JAMES G. CARR |
| | : | |
|   Defendants. | : | |

**TOM GARZA'S RESPONSES TO PLAINTIFF'S
FIRST SET OF REQUESTS FOR ADMISSION**

Defendant Tom Garza ("Defendant""), by and through his undersigned counsel, for his responses to Plaintiff Evelyn Williams' ("Plaintiff") First Set of Requests for Admissions (the "Discovery Requests"), states as follows:

**GENERAL OBJECTIONS**

1. Each Response herein is made subject to all objections as to competence, relevance, materiality, propriety, and admissibility, as well as any and all other objections and grounds which require the exclusion of evidence. Defendant reserves the right to make any and all such objections at trial and at any other proceeding relating to this litigation.

2. Defendant objects to all of Plaintiff's Discovery Requests to the extent they incorporate Plaintiff's definitions and instructions that purport to compel Defendant to comply with discovery, or impose obligations beyond the scope of the Ohio Rules of Civil Procedure or the Local Rules of this Court.

3. Defendant's research, investigation, discovery, and analysis are continuing. These Responses are based on information presently known and available. Defendant reserves the right to make changes in its responses or to present new and additional information at trial, to

PLAINTIFF'S EXHIBIT 5

correct errors or omissions, to reflect more accurate information, or to include subsequently discovered facts concerning matters covered by this discovery.

Defendant incorporates each of the foregoing objections into his responses to Plaintiff's Discovery Requests, and Defendant's Responses are as follows:

### REQUEST FOR ADMISSIONS:

1. Admit that you have been a Senior Project Manager at the Barton Malow Co. from January 2018 to the present.

**RESPONSE:**

Defendant objects to this request on the grounds that it is vague and ambiguous as to the meaning of "have been a Senior Project Manager at the Barton Malow Co.".  Subject to and without waiving the foregoing general and specific objections, Defendant denies Request for Admission No. 1.  Further answering, Garza held the Senior Project Manager title when Garza was on the project at issue in this lawsuit.

2. Admit that you were the Barton Malow project manager responsible for the Cleveland-Cliffs' HBI plant project described in paragraphs 14 to 16 of the Complaint.

**RESPONSE:**

Defendant objects to this request on the grounds that it is vague and ambiguous.  Subject to and without waiving the foregoing general and specific objections, Defendant admits Request for Admission No. 2.

3. Admit that, as the project manager for the Cleveland-Cliffs' HBI plant project, you were responsible for making personnel decisions relating to the project.

**RESPONSE:**

Defendant objects to this request on the grounds that it is vague and ambiguous.  Subject to and without waiving the foregoing general and specific objections, Defendant admits that he had authority to make some decisions affecting certain personnel assigned to the project at issue, but denies the remaining statements set forth in Request for Admission No. 3.

4. Admit that, as the project manager for the Cleveland-Cliffs' HBI plant project, you were responsible for making operational decisions relating to the project.

**RESPONSE:**

Defendant objects to this request on the grounds that it is vague and ambiguous.  Subject to and without waiving the foregoing general and specific objections, Defendant admits that he had

authority to make decisions affecting certain operations with respect to the project at issue, but denies the remaining statements set forth in Request for Admission No. 4.

5. Admit that Evelyn Williams was employed by Barton Malow as an ironworker at the Cleveland-Cliffs' HBI plant project from on or about May 20, 2019 until on or about July 1, 2019.

**RESPONSE:**

Defendant admits that Plaintiff was employed by Barton Malow from on or about May, 2019 until July 1, 2019, but denies the remaining statements set forth in Request for Admission No. 5.

6. Admit that, during Williams's employment with Barton Malow, you did not inform Williams of issues with her work performance.

**RESPONSE:**

Defendant objects to this request on the grounds that it is vague and ambiguous.  Subject to and without waiving the foregoing general and specific objections, Defendant admits Request for Admission No. 6.  Further answering, Plaintiff's supervisors, not Garza, provided Plaintiff feedback on her work performance.

7. Admit that, during Williams's employment with Barton Malow, you did not instruct or otherwise direct anyone else to inform Williams of issues with her work performance.

**RESPONSE:**

Defendant objects to this request on the grounds that it is vague and ambiguous.  Subject to and without waiving the foregoing general and specific objections, Defendant denies Request for Admission No. 7.

8. Admit that, on or about June 4, 2019, you became aware that Ms. Williams had reported that a male ironworker named "Larry" made sexually harassing comments to her.

**RESPONSE:**

Defendant objects to this request on the grounds that it is vague and ambiguous.  Defendant further objects to the reference to an employee as simply "Larry."  Subject to and without waiving the foregoing general and specific objections, Defendant denies Request for Admission No. 8.

9. Admit that you confirmed from Barton Malow employees (other than Williams) that Larry had made sexually harassing comments to her.

**RESPONSE:**

Defendant objects to this request on the grounds that it is vague and ambiguous.  Defendant further objects to this request to the extent that it seeks information which is deemed to be

confidential. Defendant also objects to this request to the extent that it seeks information which is protected by the attorney-client privilege, work product doctrine, or any other privilege or immunity. Defendant denies Request for Admission No. 9.

10. Admit that you confirmed from at least one Barton Malow employee (other than Williams) that Larry had told Williams "Do you need some anal oil to pull the joystick out of your ass?"

**RESPONSE:**

Defendant objects to this request on the grounds that it is vague and ambiguous. Defendant further objects to this request to the extent that it seeks information which is deemed to be confidential. Defendant also objects to this request to the extent that it seeks information which is protected by the attorney-client privilege, work product doctrine, or any other privilege or immunity. Subject to and without waiving the foregoing general and specific objections, Defendant denies Request for Admission No. 10.

11. Admit that, on or about June 4, 2019, at least one Barton Malow employee (other than Williams) prepared a written statement regarding the sexually harassing comments Larry made to Ms. Williams.

**RESPONSE:**

Defendant objects to this request on the grounds that it is vague and ambiguous. Defendant further objects to this request to the extent that it seeks information which is deemed to be confidential. Defendant also objects to this request to the extent that it seeks information which is protected by the attorney-client privilege, work product doctrine, or any other privilege or immunity. Subject to and without waiving the foregoing general and specific objections, Defendant admits that it investigated the "Larry" issue and that its investigation included statements from individuals concerning the "Larry" issue, but denies the remaining statements set forth in Request for Admission No. 11.

12. Admit that, on behalf of Barton Malow, you decided to terminate Larry's employment because of the sexually harassing comments that Ms. Williams had reported on or about June 4, 2019.

**RESPONSE:**

Defendant objects to this request on the grounds that it is vague and ambiguous. Defendant further objects to this request to the extent that it seeks information which is deemed to be confidential. Defendant also objects to this request to the extent that it seeks information which is protected by the attorney-client privilege, work product doctrine, or any other privilege or immunity. Defendant further objects to this request on the grounds that it seeks Defendant to make a legal conclusion. Subject to and without waiving the foregoing general and specific objections, Defendant admits that he was involved in the decision to discharge the individual identified in this Request, but denies the remaining statements set forth in Request for Admission No. 12.

13. Admit that you were aware during June 2019 that at least one ironworker at the Cleveland-Cliffs' HBI plant project had expressed disapproval of Larry's removal from the project.

**RESPONSE:**

Defendant objects to this request on the grounds that it is vague and ambiguous. Defendant further objects to this request to the extent that it seeks information which is deemed to be confidential. Subject to and without waiving the foregoing general and specific objections, Defendant admits Request for Admission No. 13.

14. Admit that you had a meeting with Ms. Williams on or about June 5, 2019.

**RESPONSE:**

Defendant objects to this request on the grounds that it is vague and ambiguous. Subject to and without waiving the foregoing general and specific objections, Defendant admits that he spoke with Plaintiff during her employment at various times, but denies the remaining statements set forth in Request for Admission No. 14.

15. Admit that you told Williams on or about June 5, 2019 that she would be reassigned to a new worksite.

**RESPONSE:**

Defendant objects to this request on the grounds that it is vague and ambiguous. Subject to and without waiving the foregoing general and specific objections, Defendant denies Request for Admission No. 15.

16. Admit that *before* you met with Williams on or about June 5, 2019, she had not requested to be moved to a new worksite.

**RESPONSE:**

Defendant objects to this request on the grounds that it is vague and ambiguous. Subject to and without waiving the foregoing general and specific objections, Defendant admits Request for Admission No. 16.

17. Admit that *during* your meeting with Williams on or about June 5, 2019, she did not request to be moved to a new worksite.

**RESPONSE:**

Defendant objects to this request on the grounds that it is vague and ambiguous. Subject to and without waiving the foregoing general and specific objections, Defendant denies Request for Admission No. 17.

**18.** Admit that during your meeting with Williams on or about June 5, 2019, you suggested to Williams that she move to a new worksite within the Cleveland-Cliffs' HBI plant project.

**RESPONSE:**

Defendant objects to this request on the grounds that it is vague and ambiguous. Subject to and without waiving the foregoing general and specific objections, Defendant denies Request for Admission No. 18.

**19.** Admit that Williams started working at a new worksite within the Cleveland-Cliffs' HBI plant project after your meeting with Williams on or about June 5, 2019.

**RESPONSE:**

Defendant objects to this request on the grounds that it is vague and ambiguous. Subject to and without waiving the foregoing general and specific objections, Defendant admits that at some point after Larry was discharged that Williams started working at a new worksite within the Cleveland-Cliffs' HBI plant project, but denies the remaining statements in Request for Admission No. 19.

**20.** Admit that, other than Williams, all the ironworkers at Williams's new worksite were male.

**RESPONSE:**

Defendant objects to this request on the grounds that it is vague and ambiguous. Defendant further objects to this request on the grounds that it is without sufficient information or knowledge to respond to this request. Subject to and without waiving the foregoing general and specific objections, Defendant denies Request for Admission No. 20.

**21.** Admit that, between June 10, 2019 and July 1, 2019, you became aware that Williams was not receiving ironworking assignments at her new worksite.

**RESPONSE:**

Defendant objects to this request on the grounds that it is vague and ambiguous. Subject to and without waiving the foregoing general and specific objections, Defendant denies Request for Admission No. 21.

**22.** Admit that, between June 10, 2019 and July 1, 2019, you became aware that Williams had reported to her foreman another incident involving a male ironworker.

**RESPONSE:**

Defendant objects to this request on the grounds that it is vague and ambiguous. Subject to and without waiving the foregoing general and specific objections, Defendant admits Request for Admission No. 22.

23. Admit that, between June 10, 2019 and July 1, 2019, you became aware that Williams had reported to her foreman that other ironworkers were refusing to work with Williams because of the report she made against Larry.

**RESPONSE:**

Defendant objects to this request on the grounds that it is vague and ambiguous. Subject to and without waiving the foregoing general and specific objections, Defendant denies Request for Admission No. 23.

24. Admit that, on or about June 26, 2019, Williams called you and left you a voice message regarding issues at her worksite.

**RESPONSE:**

Defendant objects to this request on the grounds that it is vague and ambiguous. Subject to and without waiving the foregoing general and specific objections, Defendant admits that he received a voicemail at some point from Williams, but denies the remaining statements contained in Request for Admission No. 24.

25. Admit that, on or about June 26, 2019, Williams sent you a text message asking you to call her that evening.

**RESPONSE:**

Defendant objects to this request on the grounds that it is vague and ambiguous. Subject to and without waiving the foregoing general and specific objections, Defendant admits that he received a text message at some point from Williams, but denies the remaining statements in Request for Admission No. 25.

26. Admit that, on or about July 1, 2019, you decided to terminate Williams's employment with Barton Malow.

**RESPONSE:**

Defendant objects to this request on the grounds that it is vague and ambiguous. Subject to and without waiving the foregoing general and specific objections, Defendant admits that Barton Malow terminate William's employment as part of reduction in force, but denies the remaining allegations contained in Request for Admission No. 26.

27. Admit that you expected Barton Malow's foremen at the Cleveland-Cliffs' HBI plant project to notify a manager or supervisor of any reports relating to potential sexual harassment.

**RESPONSE:**

Defendant objects to this request on the grounds that it is vague and ambiguous. Defendant further objects to this request to the extent that it seeks a legal conclusion. Subject to and

without waiving the foregoing general and specific objections, Defendant admits that Barton Malow maintains a robust anti-harassment and anti-discrimination policy which encourages all employees to report any and all issues of suspected discrimination and harassment, but denies the remaining statements set forth in Request for Admission No. 27.

28. Admit that you expected Barton Malow's foremen at the Cleveland-Cliffs' HBI plant project to notify you of any reports relating to potential sexual harassment.

**RESPONSE:**

Defendant objects to this request on the grounds that it is vague and ambiguous. Defendant further objects to this request to the extent that it seeks a legal conclusion. Subject to and without waiving the foregoing general and specific objections, Defendant admits that Barton Malow maintains a robust anti-harassment and anti-discrimination policy which encourages all employees to report any and all issues of suspected discrimination and harassment, but denies the remaining statements set forth in Request for Admission No. 28.

29. Admit that you expected Barton Malow's foremen at the Cleveland-Cliffs' HBI plant project to notify a manager or supervisor of any reports relating to potential sex discrimination.

**RESPONSE:**

Defendant objects to this request on the grounds that it is vague and ambiguous. Defendant further objects to this request to the extent that it seeks a legal conclusion. Subject to and without waiving the foregoing general and specific objections, Defendant admits that Barton Malow maintains a robust anti-harassment and anti-discrimination policy which encourages all employees to report any and all issues of suspected discrimination and harassment, but denies the remaining statements set forth in Request for Admission No. 29.

30. Admit that you expected Barton Malow's foremen at the Cleveland-Cliffs' HBI plant project to notify you of any reports relating to potential sex discrimination.

**RESPONSE:**

Defendant objects to this request on the grounds that it is vague and ambiguous. Defendant further objects to this request to the extent that it seeks a legal conclusion. Subject to and without waiving the foregoing general and specific objections, Defendant admits that Barton Malow maintains a robust anti-harassment and anti-discrimination policy which encourages all employees to report any and all issues of suspected discrimination and harassment, but denies the remaining statements set forth in Request for Admission No. 30.

As to the objections,

*/s/ David A. Campbell*
David A. Campbell (0066494)
Donald G. Slezak (0092422)
Lewis Brisbois Bisgaard & Smith, LLP
1375 E. 9th Street
Suite 2250
Cleveland, OH 44114
Phone: (216) 298-1262
Fax: (216) 344-9421
david.a.campbell@lewisbrisbois.com
donald.slezak@lewisbrisbois.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of May 2021, the foregoing was served via email on Plaintiff's counsel of record.

*/s/David A. Campbell*
David A. Campbell (0066494)

*One of the Attorneys for Defendant*