IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| EVELYN WILLIAMS, | ) | CASE NO: 3:20-CV-2594 |
| | ) | |
| Plaintiff | ) | JUDGE: JAMES G. CARR |
| | ) | |
| V. | ) | |
| | ) | |
| BARTON MALOW CO., *et al.* | ) | |
| | ) | |
| | ) | |
| Defendant | ) | |

## DEFENDANTS' SUR-REPLY TO PLAINTIFF'S REPLY REGARDING PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT

Defendants, Barton Malow Company ("Barton Malow"), and Tom Garza ("Garza") (Garza and Barton Malow are collectively, "Defendants"), by and through undersigned counsel, and for their Sur-Reply to Plaintiff's Reply Regarding Plaintiff's Motion for Leave to File an Amended Complaint (EFC No. 14), states as follows:

As an initial matter, Plaintiff, Evelyn Williams' ("Plaintiff") retroactive argument as it relates to H.B. 352 is moot. Plaintiff's amendment, which adds four new defendants, does not and cannot relate back to the original Complaint for purposes of the statute of limitations.

**I.  Standard of Review**

Rule 15 of the Federal Rules of Civil Procedure governs amended and supplemental proceedings. Rule 15(c) in particular governs the relation back of amendments to the date of the original pleading, and provides as follows:

**Rule 15. Amended and Supplemental Pleadings**

. . . .

**(c) Relation Back of Amendments.**

4829-0529-1508.1

**(1) When an Amendment Relates Back.**

An amendment to a pleading relates back to the date of the original pleading when:

**(A)** the law that provides the applicable statute of limitations allows relation back;

**(B)** the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; or

**(C)** the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:

**(i)** received such notice of the action that it will not be prejudiced in defending on the merits; and

**(ii)** knew or should have known that the action would have been brought against it, but for a **mistake** concerning the proper party's identity. (Emphasis added.)

The Sixth Circuit interprets the term "mistake" narrowly, applying only to corrections or misnomers; thus, lack of knowledge of an intended defendant's identity is not a "mistake" concerning the party's identity under Rule 15(c). *Moore v. Tennessee*, 267 F. App'x 450, 455 (6th Cir. 2008) (citing *Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996)). Furthermore, the Sixth Circuit refuses to apply relation back when a plaintiff adds, as opposed to substitutes, a new party. *See In re Kent Holland Die Casting & Plating, Inc.*, 928 F.2d 1448, 1449 (6th Cir. 1991); *United States ex rel. Statham Instruments, Inc. v. Western Cas. & Surety Co.*, 359 F.2d 521, 523 (6th Cir. 1966) (an amendment that adds a new party "establishes a new and independent cause of action which cannot be maintained when the statute has run, for the amendment is one of substance rather than one of form and brings into being one not presently in court"); *see also Asher v. Unarco Material Handling, Inc.*, 596 F.3d 313, 318-19 (6th Cir. 2010) (when an amendment adds a new party who will be

jointly liable with the original party—as opposed to an amendment that substitutes a party—the amendment will not relate back.).

In this case, Plaintiff's Motion for Leave to File an Amended Complaint ("Motion") (EFC No. 12), seeks to amend the Complaint to add the following Barton Malow employees as new defendants: Robert Gadson ("Gadson"), Darryl Williams ("Williams", George Whritenour ("Whritenour"), and Lohn Goble ("Goble") (collectively, the "New Barton Malow Defendants"). Furthermore, Plaintiff has asserted the following claims against the New Barton Malow Defendants: Retaliation Under Ohio Revised Code Sections 4112.02(I) and 4112.99 (Claim 3) and Sex Discrimination Under Ohio Revised Code Sections 4112.02(A) and 4112.99 (Claim 4). Plaintiff's Motion also seeks to add a claim of spoliation against Garza.

As it relates to Plaintiff's new claims against the New Barton Malow Defendants, Plaintiff alleges that the New Barton Malow Defendants discriminated and retaliated against her. Over a year later, Plaintiff seeks to amend her complaint to add the New Barton Malow Defendants. Plaintiff knew of the New Barton Malow Defendants since at least 2019, but she neglected to include them in her original complaint. *See* (EFC No. 1).

As it relates to the spoliation claim against Garza, Plaintiff is misinformed to argue that Defendants did not argue that Plaintiff's spoliation claim against Garza is improperly pleaded or that the claim fails as a matter of law. Plaintiff alleges that Garza knew that litigation involving Plaintiff was probable, and that Garza willfully destroyed text messages of communications he had with Plaintiff regarding the alleged harassment and separate treatment plaintiff allegedly suffered at work. Plaintiff did not offer any supporting documentation that Garza knew that litigation was probable, Plaintiff is merely making a statement without supporting her allegations.

## IV. CONCLUSION

Based on the above-cited arguments and authorities, Defendants respectfully request that Plaintiff's Motion to Amend be denied in its entirety.

Respectfully submitted,

*/s/ David A. Campbell*
David A. Campbell (0066494)
Andrea V. Arnold (0099455)
Lewis Brisbois Bisgaard & Smith, LLP
1375 E. 9th Street, Suite 2250
Cleveland, OH 44114
Phone: (216) 298-1262
Fax: (216) 344-9421
david.a.campbell@lewisbrisbois.com
andrea.arnold@lewisbrisbois.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

    I hereby certify that on this 19th day of November, 2021, a true and correct copy of the foregoing has been electronically filed using the CM/ECF System, and that notice of this filing will be sent to all of parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                            */s/ David A. Campbell*
                                            David A. Campbell (0066494)

                                            LEWIS BRISBOIS BISGAARD & SMITH LLP