IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Evelyn Williams,                                   Case No. 3:20-CV- 02594-JGC

         Plaintiff

      v.                                              **ORDER**

Barton Malow Co., *et al.*,

         Defendants.

       This is an employment discrimination case. Plaintiff, Evelyn Williams, a member of Iron Workers Local Union No. 17, alleges that male ironworkers sexually harassed her at the work sites to which her employer, Barton Malow Co. (Barton Malow), assigned her in Toledo, Ohio. She also contends that after she complained of said sexual harassment, defendants retaliated against her by not assigning her work and ultimately terminating her.

       Plaintiff brings claims for sex discrimination and retaliation under Title VII, 42 U.S.C. § 2000e, et seq., and analogous provisions of Ohio law. She also brings a claim for aiding and abetting retaliation and discrimination under Ohio Rev. Code Ann. § 4112.02(J).

       Pending is plaintiff's Motion for Leave to File an Amended Complaint (Doc. 12). Plaintiff seeks to add four individual defendants to her Ohio state law employment discrimination claims, each of whom supervised her at Barton Malow. Plaintiff also seeks to add a tort claim for spoliation against one of the original defendants.

For the reasons discussed below, I grant plaintiff's motion to amend, except to the extent that she seeks to assert Title VII claims against any individual defendants.[1]

## Background

Plaintiff filed her original complaint on November 18, 2020. (Doc. 1). In it, she claims that Barton Malow employees sexually harassed her on several occasions between May and July 2019. (*Id.*, pgID 4-5, 7).

She also alleges that Barton Malow retaliated against her after she reported the first instance of sexual harassment to one of her supervisors in or around June 2019. (*Id.*, pgID 4). The alleged retaliation consisted of repeatedly withholding work from plaintiff and ultimately terminating her in July 2019. (*Id.*, pgID 5-9).

The parties engaged in limited discovery in preparation for a settlement conference on July 7, 2021. Plaintiff claims that defendants' discovery responses revealed additional information about the individuals who participated in the harassment. She also claims that the responses gave rise to a claim for spoliation of evidence.

Plaintiff thus filed her Motion for Leave to File an Amended Complaint, seeking to add four individual defendants and a tort claim for spoliation of evidence.

## Standard of Review

Federal Rule of Civil Procedure 15 governs the amendment of pleadings. It directs that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). This rule

---

[1] Plaintiff concedes that she cannot bring claims against any individual defendants under Title VII. (Doc. 14, pgID 139). This is because "an individual employee/supervisor, who does not otherwise qualify as an 'employer,' may not be held personally liable under Title VII." *Wathen v. Gen. Elec. Co.*, 115 F.3d 400, 405 (6th Cir. 1997).

is construed liberally, with a presumption in favor of the moving party. *Foman v. Davis,* 371 U.S. 178, 182 (1962).

"In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *Id.*

Ultimately, the decision about whether to grant a motion under Rule 15(a) is within the court's discretion and depends on the "particular circumstances of the case." *Loc. 783, Allied Indus. Workers of Am., AFL-CIO v. Gen. Elec. Co.*, 471 F.2d 751, 755 (6th Cir. 1973).

## Discussion

Plaintiff asks for leave to amend her complaint so that she can add: 1) four individual defendants who supervised her at Barton Malow and allegedly engaged in harassment or retaliation and 2) a spoliation claim against defendant Garza for allegedly destroying a voicemail and text message related to the harassment and retaliation.

I will allow plaintiff to add the additional defendants to her Ohio state law employment discrimination claims and the spoliation claim to her complaint.

### 1. Addition of Four Individual Defendants

Plaintiff seeks to add the following defendants to her Ohio state law employment discrimination claims: 1) Robert Gadson, the site superintendent, 2) Darryl Williams, the general

3

foreman, 3) George Whritenour, an ironworker foreman, and 4) Lohn Goble, another ironworker foreman.[2]

Defendants object to the addition of these defendants, arguing that Ohio's House Bill 352 (H.B. 352) eliminated supervisor liability in employment discrimination cases. Because there is no longer supervisor liability, defendants assert, plaintiff's proposed amendment would be futile.

Defendants are correct that I should not grant a motion for leave to amend if the proposed amendment would be futile. A proposed amendment is futile where it "could not withstand a Rule 12(b)(6) motion to dismiss." *Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010).

Plaintiff, however, argues that her amendment is not futile because the Ohio legislature passed H.B. 352 after her claim accrued and after she filed this lawsuit. The law is not retroactive, and therefore, the limitation of supervisor liability does not apply to her claims. I agree.

The Ohio legislature recently passed H.B. 352, which went into effect on April 15, 2021. (Doc. 12, pgID 82; Doc. 13, pgID 125).[3] It amended several provisions of Ohio law related to employment discrimination claims.

Most relevant to this case, H.B. 352 eliminated supervisor liability for some employment discrimination claims by re-defining the term employer. H.B. 352, 133rd Gen. Assemb. (Ohio

---

[2] Plaintiff brings the following state law employment discrimination claims: 1) retaliation under Ohio Rev. Code § 4112.02(I), 2) sex discrimination under Ohio Rev. Code § 4112.02(A), and 3) aiding and abetting retaliation and sex discrimination under Ohio Rev. Code § 4112.02(J).

[3] *See also* https://www.legislature.ohio.gov/legislation/legislation-summary?id=GA133-HB-352; *Bailey v. City of Ann Arbor*, 860 F.3d 382, 386 (6th Cir. 2017)
("[A] court ruling on a motion to dismiss may consider materials in addition to the complaint if such materials are public records or are otherwise appropriate for the taking of judicial notice.").

2021). The term employer previously included "any person acting directly or indirectly in the interest of an employer." *Id.* at 7. The legislature eliminated that language and declared its intent that "individual supervisors, managers, or employees not be held liable" for certain unlawful employment practices under Ohio Rev. Code Ann. § 4112.02, including sex discrimination. *Id.* at 33.

However, that change does not apply to § 4112.02(I), claims for retaliation, or § 4112.02(J), claims for aiding and abetting discrimination or retaliation. Those sections provide that it is unlawful for "any person" rather than "any employer" to engage in retaliation or aiding and abetting discrimination or retaliation. And the law defines "person" to include broadly "one or more individuals." *Id.* at 7.

Therefore, I need not even consider the issue of retroactivity to decide that plaintiff may bring her retaliation and aiding and abetting discrimination and retaliation claims against the new individual defendants. *See Norris v. G4S Secure Sols. (USA), Inc.*, No. 1:21-CV-1022, 2021 WL 3077502, at *2 (N.D. Ohio) (Gwin, J.) (finding that plaintiff can still bring a claim of retaliation against her supervisor in light of H.B. 352 because § 4112.02(I) applies to "any person").

But that leaves the question of whether plaintiff can bring her Ohio state law sex discrimination claim against the additional individual defendants.

As an initial matter, I agree with plaintiff that H.B. 352 does not appear to have retroactive effect. Ohio law provides, "A statute is presumed to be prospective in its operation unless expressly made retrospective." Ohio Rev. Code Ann. § 1.48.

For a law to overcome the presumption against retroactivity, it must satisfy two requirements: 1) the legislature expressly made the statute retroactive, and 2) the statute is remedial rather than substantive. *State v. Hubbard*, 2021-Ohio-3710, ¶ 14.

There is no language in H.B. 352 indicating that the legislature intended it to apply retroactively. Therefore, it fails the first part of the retroactivity analysis and cannot be applied retroactively.

In an attempt to sidestep this issue, defendants urge me to use the date that plaintiff filed her motion for leave to amend as the relevant date for determining whether supervisory liability is available. That date is August 2, 2021, several months after H.B. 352 went into effect. In making this argument, defendants imply that a retroactivity analysis is not necessary since the new law was already in effect by the time plaintiff filed her motion.

Plaintiff, however, argues that the relevant date is either the date that her claim accrued or the date that she filed her EEOC charge. Both of these occurred in 2019, long before the new law went into effect.

Defendants do not provide any explanation as to why the date that plaintiff filed this motion should be the relevant one. They state only that "H.B. 352 took effect prior to Plaintiff filing the Motion. Thus, to the extent the Motion seeks to assert claims against the individual defendants […] such claims are futile." (Doc. 13, pgID 126).

Moreover, defendants fail to provide any legal authority in support of their position. Their failure to do so is fatal, given that "[t]he party […] opposing the motion to amend a pleading bears the burden of establishing that the proposed amendment would be futile." *Runser v. City of Dayton*, No. 3:21-CV-160, 2021 WL 5630735, at *2 (S.D. Ohio).

Plaintiff, however, cites to a case from this district that decides the issue in her favor. In *Whitman v. Int'l Paper Co.*, Judge John R. Adams evaluated an age discrimination claim under Ohio law, explaining that Ohio law permits supervisory liability for a claim that accrued on August 28, 2020. No. 5:20-CV-02781, 2021 WL 2581566, at *3 (N.D. Ohio). He noted that he

6

was aware of the passage of H.B. 352 but found that "this change in law is immaterial to this Court's analysis." *Id.* at *3, n.1. Judge Adams used the date of termination, i.e. the date the plaintiff's claim accrued, as the relevant date for determining whether H.B. 352 applied. *Id.* He emphasized that the plaintiff was terminated well before H.B. 352 passed on January 12, 2021 and before it became effective on April 15, 2021. *Id.*

Given that the only authority the parties cite on this issue favors plaintiff's position, I am inclined to adopt that view.

Further, the outcome for which plaintiff advocates makes good sense to me. It would not, in my view, be fair to apply H.B. 352 to plaintiff's claims when, at the time of her termination, supervisors could be held liable for violations of Ohio employment discrimination laws. To decide otherwise would risk leaving a wrong without a remedy.

Absent an explicit directive from Ohio courts to the contrary, I must construe Rule 15 liberally, with a presumption in favor of plaintiff.

For those reasons, I will allow plaintiff to add the four new individual defendants to her Ohio state law claims for sex discrimination, retaliation, and aiding and abetting retaliation and discrimination.[4]

### 2. Addition of Spoliation Claim

Plaintiff also seeks to add a claim for the intentional tort of spoliation against defendant Tom Garza, a project manager who supervised plaintiff. Plaintiff alleges that defendant Garza willfully destroyed a text message and voicemail related to the harassment plaintiff experienced at Barton Malow.

---

[4] Defendants also argue that plaintiff's claims are barred by the new statute of limitations in H.B. 352. (Doc. 13, pgID 126-28). Because I find that H.B. 352 does not apply to plaintiff's claims, I reject this argument for the same reasons discussed above.

7

Defendants argue that this amendment is also futile because "Plaintiff did not offer any supporting documentation that Garza knew that litigation was probable." (Doc. 16, pgID 211). Defendants further argue that plaintiff should have met and conferred on the new claim before adding it and that imposing discovery sanctions is a more appropriate avenue for addressing the issue of spoliation.

A claim for intentional spoliation of evidence has five elements: "(1) pending or probable litigation involving the plaintiff, (2) knowledge on the part of defendant that litigation exists or is probable, (3) willful destruction of evidence by defendant designed to disrupt the plaintiff's case, (4) disruption of the plaintiff's case, and (5) damages proximately caused by the defendant's acts." *Elliott-Thomas v. Smith*, 154 Ohio St. 3d 11, 13, 110 N.E.3d 1231, 1233 (2018).

Plaintiff pleads each of these elements in her proposed complaint. First, she alleges that her complaints of sexual harassment made litigation probable. (Doc. 12-2, pgID 119). Second, she alleges that in light of these complaints, defendant Garza knew litigation was probable. (*Id.*). Third, she alleges that defendant Garza willfully destroyed a text message and voicemail regarding the harassment and did so to disrupt plaintiff's case. (*Id.*, pgID 120). Plaintiff describes these messages and identifies the date on which she sent them. (*Id.*, pgID 119-20). Fourth, she alleges that such destruction disrupts her case because she cannot present the messages to a jury. (*Id.*, pgID 120). And fifth, she requests damages for defendants' violations of state and federal laws. (*Id.*).

Defendants' contention that plaintiff must submit supporting documentation for her spoliation claim is unfounded. It is well settled that "Rule 12(b)(6) motions must typically be limited to consideration of the pleadings or converted to a motion for summary judgment under

8

Federal Rule of Civil Procedure 12(d)." *Schattilly v. Daugharty*, No. 14-CV-11905, 2015 WL 5215956, at *6 (E.D. Mich.).[5]

Plaintiff need not attach evidence of her claims to the complaint. In fact, doing so would be improper because the court's function at the motion to dismiss stage "is not to weigh the evidence or assess the credibility of witnesses." *Perry v. United Parcel Serv.*, 90 F. App'x 860, 861 (6th Cir. 2004). The question, rather, is whether plaintiff has included enough factual information in the complaint to make her claim plausible. I find that she has.

Defendants may certainly argue that defendant Garza did not know litigation was probable, but such an argument is more appropriate at the summary judgment stage, after the close of discovery. It is premature here, where the parties have engaged only in limited discovery and plaintiff is still finalizing her claims.

Further, it is worth noting that defendants point to no authority indicating that a plaintiff must provide evidence in addition to the allegations in the complaint to plead a claim of intentional spoliation under Ohio law.

Moreover, defendants' argument that the alleged spoliation should be resolved during a meet and confer or with discovery sanctions misses the point. Plaintiff could have chosen to seek discovery sanctions later in the case, but she has instead decided to pursue a claim for intentional spoliation. As long as that claim is sufficiently pled, I see no reason to deny plaintiff the opportunity to pursue it. It is certainly insufficient for defendants to argue that I should not allow the claim simply because they would have preferred plaintiff to raise the issue in a different way.

---

[5] While this is not a motion to dismiss, I apply the motion to dismiss standard to determine if a proposed amendment is futile. *Riverview Health*, *supra*, 601 F.3d at 512.

I therefore allow plaintiff to add her Ohio state law claim for intentional spoliation of evidence.

## Conclusion

It is, therefore,

ORDERED THAT

1. Plaintiff's Motion for Leave to File an Amended Complaint (Doc. 12) be, and the same hereby is, denied insofar as she seeks leave to assert Title VII claims against individual defendants;

2. Plaintiff's Motion for Leave to File an Amended Complaint (Doc. 12) be, and the same hereby is, otherwise granted;

3. Plaintiff shall file her amended complaint on or before February 1, 2022; and

4. The Clerk shall forthwith set a status conference for a date after the plaintiff is to have filed her amended complaint.

So ordered.

James G. Carr
Sr. U.S. District Judge
