IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **EVELYN WILLIAMS**, <br>                   *Plaintiff*, <br> vs. <br> **BARTON MALOW CO.**, *et al.* <br>                   *Defendants.* | Case No. 3:20-CV-02594-JGC <br><br> Judge James G. Carr |
| **PLAINTIFF'S NOTICE OF FILING TAX AND LOST-WAGES INFORMATION PER COURT ORDER** | |

As directed by this Court in its October 19, 2023 non-document Order, and in anticipation of the Court's December 19, 2023 settlement conference, Plaintiff Evelyn Williams submits the following tax-return and lost-wages information.

Ms. Williams's earnings history reflects substantial earnings in the years preceding her termination from employment by Defendant Barton Malow Company, followed by a precipitous decline in earnings during the ensuing months and years.

Ms. Williams's **2017** Form 1040[1] shows annual wages of **$42,406**, while her **2018** Form 1040 shows wages of **$60,654.**

In **2019**, the year she worked for Barton Malow for approximately five weeks, she earned **$42,046**, of which **$9,534** was paid by Barton Malow. Annualized, and assuming a 50-week work-year (standard in the industry), Ms. Williams's **2019-20** income earned from Barton Malow would

---

[1] Ms. Williams's counsel had difficulty uploading relevant tax returns and other documents as this submission was being prepared for filing. Counsel intends to get the necessary assistance and submit the documents tomorrow, or at the latest Wednesday of this week.

have exceeded **$95,000.**[2]

Following Ms. Williams's termination, replacement work was hard to come by and her deteriorating mental condition (which she traces directly to Barton Malow's discriminatory and retaliatory treatment of her) did not permit exhaustive (and exhausting) job searches. Ms. Wiiliams instead resorted to unemployment compensation, from which she received **$10,855** during 2019. All told, and as mentioned, Ms. Williams earned or received just **$42,046** during 2019.

The story repeated itself in **2020**. As her anxiety and other mental-health issues (including a PTSD diagnosis) continued to dog her, Ms. Williams **earned** just **$12,260** for the year, while receiving **$34,790 in workers' compensation.** Her total income from both sources was **$47,190.**

Ms. Williams could not immediately put her hands on her 2021 tax return as this submission was being prepared, but she will endeavor to retrieve and submit the return as soon as she is able. Her **2022** Form 1040 reflects wages of **$26,029**, which like her 2020 earnings was well below her historical average and well below what she had earned at Barton Malow.

As Ms. Williams has made clear in earlier submissions to the Court, her lost wages form only one part—the smaller part—of the total damages she attributes to Barton Malow's treatment. The larger component consists of her emotional-distress damages. Because such damages are notoriously difficult to quantify, she is unable to assign a dollar value to them, at least at this time. She (and the Court) will have a far clearer picture of the non-economic component of her damages once she is able to present her evidence at trial.

---

[2] Ms. Williams recognizes that this figure would have to be adjusted downward to the extent Barton Malow is able to demonstrate that, due to project-scheduling and trade-sequencing issues, her position would have been eliminated before an entire year had elapsed.

Dated: November 20, 2023

Respectfully submitted,

*/s/ Donald Screen*
Subodh Chandra (0069233)
Donald Screen (0044070)
THE CHANDRA LAW FIRM LLC
The Chandra Law Building
1265 West Sixth Street, Suite 400
Cleveland, Ohio 44113
216.578.1700 (p) / 216.578.1800 (f)
Subodh.Chandra@ChandraLaw.com
Donald.Screen@ChandraLaw.com

*Attorneys for Plaintiff Evelyn Williams*