IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| EVELYN WILLIAMS | : | |
| | : | |
| Plaintiff, | : | |
| | : | CASE NO. 3:20-cv-02594-JGC |
| v. | : | |
| | : | |
| BARTON MALOW CO., et al. | : | JUDGE JAMES G. CARR |
| | : | |
| Defendants. | : | |

## DEFENDANTS' RESPONSE TO PLAINTIFF'S ALLEGED LOST WAGES AND EMOTIONAL HARM

On November 20, 2023, Plaintiff Evelyn Williams' ("Plaintiff") filed her Notice of Filing Tax and Lost-Wages Information Per Court Order (the "Lost-Wage Information").  (Doc. #34). Plaintiff has been deposed in this matter, but the Lost-Wages Information runs directly contrary to Plaintiff's deposition testimony and the documented facts in this matter.   Defendant Barton Malow Co. ("Defendant") is filing this Response to correct the factual record.

The Lost-Wage Information initially claims that Plaintiff's lost wages should be based on a "50-week-work-year."  (Doc. #34 at pg. 1).  Plaintiff incredibly claims that this fifty week assignment is "standard in the industry."  (Doc. #34 at pg. 1).

Plaintiff is an Ironworker who is a member of Union Local 17.  (Deposition of Plaintiff at 10 (hereinafter "Dep. Plaintiff at __")).  When deposed in 2023, Plaintiff has been an Ironworker for 26 years.  (Dep. Plaintiff at 10).  As an Ironworker, Plaintiff seeks out work when needed on the Ironworker job board.  (Dep. Plaintiff at 10).  Plaintiff admits that she can find Ironworker work when necessary.  (Dep. Plaintiff at 38).  Plaintiff often utilizes the job board because many of her work assignments are very short.  (Dep. Plaintiff at 26).  In fact, the longest assignment that Plaintiff has had over her 26 years as an Ironworker is two years.  (Dep. Plaintiff at 25).  The union

132282529.1

permits Ironworkers to maintain health insurance because the Ironworkers regularly change assignments. (Dep. Plaintiff at 26).

Plaintiff admits that she has been on the Ironworker job board since she was laid off by Defendant in 2019. (Dep. Plaintiff at 10). In fact, Plaintiff recalls that she had one of her longest assignments – almost one year – after leaving Defendant's worksite. (Dep. Plaintiff at 27). Days before she was deposed, Plaintiff had completed an Ironworker assignment at Lubrizol. (Dep. Plaintiff at 11). After the deposition, Plaintiff was reporting to a new Ironworker assignment. (Dep. Plaintiff at 12).

Plaintiff sought work on Defendant's project because she could not find work in her jurisdiction at the time. (Dep. Plaintiff at 31-32). Plaintiff's local union advised her of the Toledo work. (Dep. Plaintiff at 41-42). Plaintiff was a boomer – an Ironworker who travels to another jurisdiction to work. (Dep. Plaintiff at 32). Plaintiff recalls that only one other worker from her jurisdiction worked on Defendant's project. (Dep. Plaintiff at 31-32). Plaintiff's first day working in Toledo was May 27, 2019. (Dep. Plaintiff at 43).

Plaintiff admits that by the end of June she was being told that work at the project was slowing. (Dep. Plaintiff at 55). In fact, Plaintiff admits that boomers are laid off first. (Dep. Plaintiff at 63). The record shows that Plaintiff and other Ironworkers were laid off on July 1, 2019, (Dep. Plaintiff at 62). Other Ironworkers on Plaintiff's crew were laid off shortly thereafter. (Deposition of George Whritenour at 55-56 (hereinafter "Dep. Whritenour at __")). The crew was reduced from around 10 Ironworkers when Plaintiff joined to only four in November – five months later. (Dep. Whritenour at 56). By December of 2019, Plaintiff's entire crew had been laid off due to the completion of the project. (Dep. Whritenour at 57).

Based on the undisputed facts, Plaintiff's work would have ended no later than December 1, 2019 – five months after her layoff.  However, as a boomer, Plaintiff would be asking this Court to violate her Union's collective bargaining agreement to conclude that Plaintiff should have worked longer than local Union Ironworkers.  Accordingly, with the end of the project and layoffs, Plaintiff's lost wages are very low.

The Lost-Wage Information ignores the layoffs and the end of the project and points to Plaintiff's 2020-2022 tax returns.  Plaintiff's slowdown in earnings was due to a total knee replacement.  (Dep. Plaintiff at 27).  Plaintiff was restricted from working as an Ironworker for six months due to the knee replacement surgery and recovery.  (Dep. Plaintiff at 27-28).  Plaintiff worked as an Ironworker up to the surgery.  (Dep. Plaintiff at 29).  Following her release after the surgery, Plaintiff went back to her normal Ironworker assignments.  (Dep. Plaintiff at 29).  Plaintiff had to file bankruptcy due to her knee surgery and period of no Ironworker duties.  (Dep. Plaintiff at 28).

The Lost-Wage Information then alleges that Plaintiff's "lost wages" are the "smaller part" of Plaintiff's damages.  (Doc. #34 at pg. 2)  As one would expect, Ironworker assignments are "strenuous."  (Dep. Plaintiff at 11).  Plaintiff has to lift up to 100 pounds as an Ironworker.  (Dep. Plaintiff at 33-34).  The work is full-time and it oftentimes requires the Ironworker to work at heights.  (Dep. Plaintiff at 34).  Plaintiff describes the work as dangerous.  (Dep. Plaintiff at 34).  Incredibly, at no time since her layoff, has Plaintiff had work restrictions except for a knee surgery.  (Dep. Plaintiff at 6).  As of her deposition in 2023, Plaintiff was working as an Ironworker with no work restrictions.  (Dep. Plaintiff at 6).

In short, Plaintiff's deposition testimony runs directly contrary to the Lost-Wage Information.  Plaintiff's liability case is very weak – Defendant promptly and effectively

132282529.1

responded to Plaintiff's complaint of an Ironworker making an inappropriate comment. However, even if liability could be proven, Plaintiff's damages are very low and Plaintiff's attempt to frame it otherwise should be rejected.

Respectfully submitted,

*/s/ David A. Campbell*
David A. Campbell (0066494)
Lewis Brisbois Bisgaard & Smith, LLP
1375 E. 9th Street
Suite 2250
Cleveland, OH 44114
Phone: (216) 298-1262
Fax: (216) 344-9421
david.a.campbell@lewisbrisbois.com

*Attorneys for Defendant*

132282529.1

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of November 2023, the foregoing was served via email on Plaintiff's counsel of record.

                                              */s/ David A. Campbell*
                                              David A. Campbell (0066494)

                                              *One of the Attorneys for Defendants*

132282529.1